# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| JERRY WANG, *et al.*, ) | |
| Plaintiffs, ) | Case No. 2:08-cv-01258-RLH-GWF |
| vs. ) | **ORDER** |
| COUNTY OF NYE, *et al.*, ) | |
| Defendants. ) | |

This matter is before the Court on Jack C. Juan, Esq. and the law firm of Marquis & Aurbach's Motion to Foreclose and Adjudicate Attorney's Lien and Notice of Perfection of Attorney's Lien (#82), filed March 19, 2010 and Marquis & Aurbach's Supplement to Motion to Foreclose and Adjudicate Attorney Lien (#89), filed April 26, 2010.

Marquis & Aurbach seek an order allowing the firm to perfect and foreclose on its attorney's lien. Nevada Revised Statute ("N.R.S.") § 18.015 provides,

> 1. An attorney at law shall have a lien upon any claim, demand or cause of action, including any claim for unliquidated damages, which has been placed in his hands by a client for suit or collection, or upon which a suit or other action has been instituted. The lien is for the amount of any fee which has been agreed upon by the attorney and client. In the absence of an agreement, the lien is for a reasonable fee for the services which the attorney has rendered for the client on account of the suit, claim, demand or action.
>
> 2. An attorney perfects his lien by serving notice in writing, in person or by certified mail, return receipt requested, upon his client and upon the party against whom his client has a cause of action, claiming the lien and stating the interest which he has in any cause of action.

. . .

> 3. The lien attaches to any verdict, judgment or decree entered and to any money or property which is recovered on account of the suit or other action, from the time of service of the notices required by this section.
>
> 4. On motion filed by an attorney having a lien under this section, his client or any party who has been served with notice of the lien, the court shall, after 5 days' notice to all interested parties, adjudicate the rights of the attorney, client or other parties and enforce the lien.
>
> 5. Collection of attorney's fees by a lien under this section may be utilized with, after or independently of any other method of collection.

"The purpose of N.R.S. [§] 18.015 is to secure attorney fees and to 'encourag[e] attorneys to take cases of those who could not otherwise afford to litigate.'" *Bero-Wachs v. Law office of Logar & Pulver*, 157 P.3d 704, 706-07 (Nev. 2007), quoting, *Muije v. A N. Las Vegas Cab Co.*, 799 P.2d 559, 561 (Nev. 1990). "In Nevada, there are two types of liens an attorney may hold to ensure that clients pay their attorney's fees . . . ." *Figliuzzi v. Eight Judicial Dist. Court In and For County of Clark*, 890 P.2d 798, 801 (Nev. 1995). A "special or charging lien" is an attorney's lien "on the judgment or settlement the attorney has obtained for the client," whereas a "general or retaining lien [] entitles an attorney, if discharged by the client, to retain the client's papers, property or money until a court, at the request of the client, requires the attorney to deliver the retained items upon the client's furnishing of payment or security for the attorney's fees." *Id*.

Here, Marquis & Aurbach claim the right to enforce a charging lien on any judgment or settlement the Plaintiffs obtain. The firm claims they have complied with § 18.015 because their attorney's lien is equal to the fee defendants agreed to pay (consistent with § 18.015(1)) and the lien has been perfected by service of the instant motion upon defendants by certified mail, return receipt requested (consistent with § 18.015(2)). While this court has jurisdiction to adjudicate the instant fee dispute, *see Curry v. Guam Mem'l Hosp. Auth.*, 941 F.2d 730, 731 (9th Cir. 1991) ("Courts have long recognized that fee disputes arising from litigation pending before a district court fall within that court's ancillary jurisdiction"), Marquis & Aurbach do not have a valid claim to an attorney's charging lien. Under Nevada law, an attorney who has not obtained a settlement or judgment for the client may not use N.R.S. § 18.015 to enforce an attorney's lien. *Michel v. Eighth*

*Judicial Dist. Court ex rel. County of Clark*, 17 P.3d 1003, 1006-07 (Nev. 2001), citing, *Figliuzzi*, 890 P.2d at 801. Similarly, an attorney who voluntarily withdraws from a case loses any claim to an attorney's lien. *Matter of Kaufman*, 567 P.2d 957, 960 (1977). Since Marquis & Aurbach have withdrawn as counsel of record for Plaintiffs (#85) and have not obtained a settlement or judgment on Plaintiffs' behalf, the firm's request to perfect and foreclose on their attorney's lien is denied.

However, the court's denial of the instant motion does not foreclose Marquis & Aurbach's right to obtain payment from defendants. "The attorney's right to be paid is not based upon, or limited to, his lien. It is based upon a contract, express or implied. The lien is but security for his right." *Sarman v. Goldwater, Taber and Hill*, 396 P.2d 847, 849 (1964). Accordingly,

**IT IS HEREBY ORDERED** that Motion to Foreclose and Adjudicate Attorney's Lien (#82) is **denied**.

DATED this 1st day of July, 2010.

_____
**GEORGE FOLEY, JR.**
**United States Magistrate Judge**